UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTAL R. [1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 2:22cv253 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, and for Supplemental Security Income under Title XVI of the Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2

2. The claimant has not engaged in substantial gainful activity since October 26, 2020, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairment: obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). She can occasionally lift and carry 50 pounds and frequently lift and carry 25 pounds. She can sit, stand, and walk for six hours in a typical eight-hour workday. She can push and pull as much as she can lift and carry. She can frequently climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently stoop, kneel, crouch, and crawl. In addition, she would need a work environment in which the supervisor delivers work instructions verbally or by demonstration.

6. The claimant is capable of performing past relevant work as a home health aide/home attendant, DOT 354 377 014, SVP 3, medium per the DOT and medium as performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 26, 2020, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 109-119).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on January 27, 2023.  On April 4, 2023 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

3

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 4 was the determinative inquiry.

In suppport of remand, Plaintiff argues that the ALJ failed to properly evaluate the medical evidence. The medical evidence in this case is extremely sparse, consisting of the opinions of two state agency reviewing consultants. (Tr. 56-63, 89-91). Those consultants opined that Plaintiff was moderately limited in interacting with others and in concentrating, persisting, and maintaining pace; and mildly limited in understanding, remembering and applying information and adapting or managing herself. (Tr. 53). The consultants further opined that Plaintiff was moderately limited in the ability to carry out detailed instructions; maintain attention and concentration for extended periods; and accept instructions and respond appropriately to criticism from supervisors. (Tr. 60-62).

4

The ALJ found that the consultants' opinions that Plaintiff would have trouble with accepting instructions and responding appropriately to criticism to be unsupported by the overall lack of evidence documenting such limitations. (Tr. 117).

The ALJ addressed Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, and found those statements inconsistent with the evidentiary record (Tr. 114). The ALJ discussed Plaintiff's activities of daily living; precipitating and aggravating factors; treatment other than medication; and the type, dosage, effectiveness, and side effects of her medications (*Id.*).

Regarding her mental symptoms, the ALJ noted a generally circumscribed period of complaints during the relevant period from October 2020 through the last mental health treatment record in March 2021 (Tr. 114). The ALJ discussed Plaintiff's behavioral health evaluation on October 13, 2020 – just two weeks prior to her alleged onset date – during which she reported no difficulty concentrating (Tr. 115, 355). The examiner described a generally unremarkable mental status examination, with normal attention and concentration, intact insight and judgment, and logical thought processes (*Id.*).

Another mental status examination, two months later, was again "fairly unremarkable" (Tr. 116, 349). The ALJ also discussed a behavioral health assessment that occurred on March 17, 2021 (Tr. 116). Although Plaintiff was feeling depressed following the passing of her grandmother in October 2020, her mental status examination again showed an intact memory, and her attention and concentration were normal (Tr. 341). Also, Plaintiff demonstrated intact insight and judgment and her thought processes were intact and logical (*Id.*). As the ALJ observed, there is no evidence showing Plaintiff returned for any follow up with her mental

5

health providers despite having appointments (Tr. 116).

In assessing Plaintiff's residual functional capacity, the ALJ took into account Plaintiff's testimony that she had difficulty reading by limiting her to a work environment where the supervisor would deliver work instructions either verbally or by demonstration (Tr. 111, 114). The ALJ further noted that, even if Plaintiff were limited to the performance of simple, routine tasks, all six of the jobs cited by the vocational expert were consistent with such a limitation (Tr. 40-42, 114, 118-19).

The ALJ also considered Plaintiff's responses in her Function Report, in which she described her ability to perform daily activities independently, handle her finances, pay attention for "[a] long time," follow both written and spoken instructions, get along with authority figures, and handle stress (Tr. 112, 117, 301-05). Contrary to Plaintiff's argument, however, this was not the only evidence the ALJ relied on in discussing Plaintiff's mental health limitations. Moreover, Plaintiff's contention that her medical records contradict her own responses on the Function Report is without merit. Plaintiff relies on a few evidentiary references containing her own description of symptoms stemming from her depression (*Id.*). However, these subjective complaints are insufficient to outweigh the consistently normal objective findings cited by the ALJ.

Clearly, substantial evidence supports the ALJ's analysis of the state agency consultants' conclusions. The consultants' conclusions were inconsistent with Plaintiff's repeatedly normal findings with respect to her attention and concentration (Tr. 117). The ALJ also properly noted the absence of evidence substantiating the consultants' conclusions about Plaintiff's asserted difficulties with social functioning (*Id.*).

Plaintiff also contends that the ALJ inappropriately relied on her part-time work activity to support his finding that she was not disabled. The ALJ found relevant the fact that Plaintiff was able to work after her alleged onset date and earn just slightly less than the amount required to establish substantial gainful activity for Step One purposes (Tr. 109-10, 113). Also, beyond her own subjective allegations, Plaintiff has failed to present any evidence establishing her inability to work on a full-time basis. Plaintiff also failed to demonstrate the presence of actual documented functional limitations that significantly limited her ability to work that the ALJ failed to consider and incorporate.

As substantial evidence supports the decision, it must be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: June 9, 2023.

s/ William C. Lee
William C. Lee, Judge
United States District Court